IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| IVAN ANTONIO SUAREZ,  *Petitioner*,  v.  KRISTI NOEM, et al.,  *Respondents*. | )  )  )  )  )  )  )  ) No. 1:25-cv-00202-JMD  )  )  )  )  )  ) |

### ORDER DISMISSING PETITION

Ivan Antonio Suarez, a citizen of Mexico, has lived in the United States for nearly 20 years, but he was never lawfully "admitted" into the country. He is now detained and awaits immigration proceedings. He petitions for a writ of habeas corpus,[1] asking either that the Court order him released or order that he receive an individualized bond hearing within seven days. In support, he asserts that the Federal Government lacks statutory authority to detain him without bond, and he asserts that any detention without bond and without statutory authority violates the Due Process Clause.

But this Court has already rejected that argument in another case. The Federal Government has authority to detain Suarez without bond. The plain text of 8 U.S.C. § 1225

---

[1] In the venue section of his petition, Suarez states that venue is appropriate in the Northern District of Illinois and that he is detained there. But the very first paragraph of his petition says he is detained in the Eastern District of Missouri. "For 'core habeas petitions,' 'jurisdiction lies in . . . the district of confinement.'" *Trump v. J.G.G.*, 604 U.S. 670, 672 (2025) (per curiam) (quoting *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004)). The Court construes the venue paragraph as a typographical error perhaps caused by copying and pasting from a complaint in a different case. On balance, the filings establish that this Court has jurisdiction.

1

applies to immigrants who, like Suarez, are present in the country without having been formally admitted. And the plain text of that statute requires the Federal Government to detain immigrants like Suarez without bond. Even though service on the respondents has not yet occurred, the Court denies the petition because it presents the same issue on which the Court has already ruled and because Suarez asks for expedited consideration.

## Background

For purposes of this petition, the Court assumes that all facts asserted by Suarez are true. Suarez is a citizen of Mexico. He lacks American citizenship. Suarez entered the United States around 2006 without a visa or inspection. He has been in custody since November 6, 2025, when Department of Homeland Security officials detained him. He says he has no criminal history—but does not dispute that he unlawfully entered the country. Entering the country "at any time or place other than as designated by immigration officers" or "elud[ing] examination or inspection by immigration officers" is a crime. 8 U.S.C. § 1325.

## Analysis

"Habeas is at its core a remedy for unlawful executive detention." *Munaf v. Green*, 553 U.S. 674, 693 (2008). So the question here is whether the Federal Government has authority to detain Suarez without bond. Federal law requires the government to hold immigrants without bond if they are detained under 8 U.S.C. § 1225. Suarez contends that § 1225 does not apply to him because he has lived in the United States for nearly 20 years. He asserts that the Federal Government's only statutory authority for detention is the neighboring § 1226(a), which permits bond hearings.

The Court has already ruled on this legal issue, and the Court rejected Suarez's position. *Mejia Olalde v. Noem*, No. 1:25-CV-00168-JMD, 2025 WL 3131942, at *3 (E.D. Mo.

Nov. 10, 2025). Section 1225 applies to "alien[s]," who are "present in the United States," and who "ha[ve] not been admitted" into the United States because they did not "lawful[ly] ent[er] the country after inspection and authorization by an immigration officer." *Id.* (discussing § 1101(a)(13)(A) and § 1225(a)(1)). Suarez concedes all these elements, so § 1225 applies to him. Because § 1225 applies to Suarez, he "shall be detained" unless an immigration officer determines that he is "clearly and beyond a doubt entitled to be admitted"—which did not happen in this case. § 1225(b)(2)(A).

Suarez offers nothing to distinguish *Mejia Olalde*. Indeed, although he states in his petition that he disagrees with the decision, he does not dispute that the legal issues he raises are the same issues decided in *Mejia Olalde*. Suarez raises the same statutory issue, and the relevant facts of his case are the same as in *Mejia Olalde*. Although Suarez also raises a due process argument, that argument simply repackages his statutory argument. The premise of his due process argument is that, if the Federal Government cannot rely on § 1225 to detain him without bond, then the Federal Government is detaining him without statutory authority—that is, without "due process *of law*." U.S. Const. amend. V (emphasis added). In support of this argument, Suarez cites *Zadvydas v. Davis*, which held that the "basic question" for a court reviewing an immigration habeas petition is this: "whether the detention is, or is not, pursuant to statutory authority." 533 U.S. 678, 699 (2001). Because the Court in *Mejia Olalde* already rejected the necessary premise of Suarez's argument (that he is being detained without statutory authority), the conclusion of his due process argument also falls.[2]

---

[2] Unlike in *Zadvydas,* the canon of constitutional avoidance does not apply here because the canon "'comes into play only when, after the application of ordinary textual analysis, the statute is found to be susceptible of more than one construction.'" *Jennings v. Rodriguez*, 583 U.S. 281, 296 (2018) (quoting *Clark v. Martinez*, 543 U.S. 371, 385 (2005)). As this Court

3

Because Suarez asserts the same issues already decided in *Mejia Olalde*, the Court applies that decision and rejects Suarez's petition.

Suarez argues only that § 1225 does not apply to his situation. He does not raise other due process challenges, such as an assertion that "the detention in question exceeds a period reasonably necessary to secure removal," *Zadvydas*, 533 U.S. at 699, or that § 1225 is unconstitutional. Any potential argument on these issues is waived.

That Suarez does not clearly raise any of these arguments is not surprising. It has been well established for decades "that the Government may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings." *Demore v. Kim*, 538 U.S. 510, 526 (2003). Suarez believes he is neither dangerous nor a flight risk and so he should receive bond. But under binding Supreme Court precedent, dangerousness and flight risk are immaterial to the due process analysis for detentions pending deportation proceedings. In *Carlson v. Landon*, 342 U.S. 524 (1952), a challenge under the Due Process Clause by aliens detained without bond pending removal proceedings, the Supreme Court "rejected the aliens' claims that they were entitled to be released from detention if they did not pose a flight risk" and "had not been found individually dangerous." *Demore,* 538 U.S. at 524 (emphasis omitted) (reaffirming *Carlson*).

Noncitizens are entitled to far less process than citizens under the Due Process Clause because "'any policy toward aliens is vitally and intricately interwoven with contemporaneous policies in regard to the conduct of foreign relations, the war power, and the maintenance of a republican form of government.'" *Id*. at 521–22 (quoting *Mathews v.*

---

explained in *Mejia Olalde*, ordinary textual analysis reveals that the plain meaning of § 1225(b)(2) covers aliens like Suarez. And in any event, Suarez has not asserted that the Court's construction of § 1225 in *Mejia Olalde* would render that statute unconstitutional.

*Diaz*, 426 U.S. 67, 81 n.17 (1976)). Even if the Federal Government could obtain its immigration policies equally as effectively by giving Suarez and others bond hearings, "when the Government deals with deportable aliens, the Due Process Clause does not require it to employ the least burdensome means to accomplish its goal." *Id*. at 528. Indeed, the Supreme Court long ago held that these matters are "largely immune from judicial inquiry or interference." *Harisiades v. Shaughnessy*, 342 U.S. 580, 589 (1952).

In light of the decades of jurisprudence by the Supreme Court rejecting arguments that the Due Process Clause requires giving immigrants bond hearings when they are detained pending deportation, Suarez is forced to resort to arguing that the Federal Government lacks statutory authority to detain him without bond. As already explained, that argument fails. The plain text of § 1225 applies to Suarez and requires that the Federal Government detain him without bond.

## Conclusion

Because "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief," and because of the expedited nature of the relief Suarez requests, the Court issues this ruling as soon as possible, dismisses the petition, and directs the Clerk of the Court to serve a copy of the petition and this order on the respondents. *Cf*. Rule 4 Governing Section 2254 Cases and Section 2255 Proceedings.

**IT IS HEREBY ORDERED** that Suarez's petition for a writ of habeas corpus, ECF 1, is **DENIED**. The Clerk of the Court shall serve a copy of the petition and this order on the respondents.

Dated this 28th day of November, 2025

_____
JOSHUA M. DIVINE
UNITED STATES DISTRICT JUDGE